IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**JUAN CLAUDIO**,

    Plaintiff,                                                            Case No.

v.

**HALLANDALE LANES MANAGEMENT,
INC.,** d/b/a **HOLIDAY BOWLING CENTER,**
a Florida for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **JUAN CLAUDIO**, by and through his undersigned counsel, brings this action against Defendant, **HALLANDALE LANES MANAGEMENT, INC.,** d/b/a **HOLIDAY BOWLING CENTER,** a Florida for Profit Corporation, (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid an hourly wage.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Southern District of Florida because Defendant's principal place of business is in this District.

7. Further, a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Florida.

## THE PARTIES

8. Plaintiff Juan Claudio, a natural person, is, and at all times relevant hereto was, a citizen of the State of Florida, residing in the county of Palm Beach.

9. Defendant, Hallandale Lanes Management, Inc., is a Florida Profit Corporation, with its principal place of business located in Hallandale Beach, Florida.

## FLSA COVERAGE

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its  routine utilization of

supplies that originated outside the state of Florida.

13. The supplies that Defendant utilized to run its business previously traveled in interstate commerce.

14. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in commerce including, *inter alia* equipment and supplies used directly in furtherance of Defendant's commercial activity of running a bowling center and bar and grill.

15. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum at all times relevant hereto.

16. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

17. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his regular and recurrent handling of equipment that had previously traveled in interstate commerce.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

20. In approximately December 2013, Defendant hired Mr. Claudio to work as a non-exempt mechanic.

21. At all times material hereto, Mr. Claudio worked for Defendant maintaining the bowling lanes at Holiday Bowling Center located at 106 E. Pembroke Road, Hallandale Beach, Florida 33009.

22.     From at least December 2013 and continuing through February 2018, Defendant failed to compensate Mr. Claudio at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

23.     Mr. Claudio should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per work week, as required by the FLSA.

24.     Defendant has violated Title 29 U.S.C. § 207 from December 2013 and continuing through February 2018, in that:

   a.   Mr. Claudio worked in excess of forty (40) hours during most work weeks for the period of his employment with Defendant;

   b.   No payments, and/or provisions for payment, have been made by Defendant to properly compensate Mr. Claudio at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c.   Defendant failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

25.     Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26.     Plaintiff worked in excess of forty (40) hours per work week in most if not all work weeks.

27.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each work

week.

28. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours.

29. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

30. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

31. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

34. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime

                award;

c.     Awarding Plaintiff pre-judgment and/or post-judgment interest;

d.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendant failed to keep accurate time records; Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendant failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

e.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED: December 13, 2019.          Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS; Fax: (954) 327-3013
Email: afrisch@forthepeople.com

***Counsel for Plaintiff***