UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-63083-CIV-MORENO

JUAN CLAUDIO,

    Plaintiff,

vs.

HALLANDALE LANES MANAGEMENT
INC. d/b/a HOLIDAY BOWLING CENTER, a
Florida for Profit Corporation,

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (**D.E. 32**), filed on **October 30, 2020**. As the Defendant has demonstrated there is a genuine dispute of material fact as to whether it violated the Fair Labor Standards Act, the Court denies the Plaintiff's Motion for Summary Judgment.

### I.    BACKGROUND

This is a Fair Labor Standards Act case that stems from the Plaintiff Juan Claudio's employment with the Defendant bowling alley, Hallandale Lanes Management, Inc., as a "non-exempt mechanic" when he was paid for "straight time" when he was entitled to overtime for certain hours worked.

The Plaintiff now moves for summary judgment and seeks the following findings by this Court: (1) the Defendant was an enterprise within the coverage of the Fair Labor Standards Act; (2) the Defendant violated the Fair Labor Standards Act recordkeeping provisions; (3) the Defendant violated the Fair Labor Standards Act by failing to pay the Plaintiff for overtime hours

worked; (4) said failure was willful, and, therefore, the Plaintiff is entitled to liquidated damages; and (5) the Plaintiff is entitled to recover $7,233.75 in overtime wages, and an equal amount in liquidated damages. The Plaintiff attached a declaration to his statement of undisputed material facts, where he declares that "[the] Defendant kept no records of the amounts they paid me, instead paying me 'under the table' in cash." (D.E. 33-1 ¶ 7). In his declaration, the Plaintiff further states that during the applicable employment period, he worked approximately 55 hours a week but was only paid for "straight time" (non-overtime wages) for the time worked. *Id.* ¶¶ 10-11.

In its response in opposition, the Defendant does not dispute that it is an enterprise within the coverage of the Fair Labor Standards Act, but disputes the Plaintiff's remaining contentions. Regarding the alleged violation of Fair Labor Standards Act record keeping provisions, the Defendant states that it produced daily clock in and clock out timecards generated based on Plaintiff's reporting his hours worked and corresponding pay records, which detail the total number of hours worked, wages paid at the regular rate, plus overtime wages paid at a rate of time and one-half for hours worked in excess of 40 hours per week.[1] Accordingly, the Defendant disputes that the Plaintiff is entitled to overtime wages or liquidated damages as the Plaintiff has failed to show, by a preponderance of the evidence, that the Defendant knew its conduct was prohibited or showed reckless disregard about whether it was, and the Plaintiff has failed to show Defendant's failure to pay any overtime wages was willful.

In support of its opposition, the Defendant notes that, "[c]ontrary to [the] Plaintiff's self-serving estimates, [the] Defendant's time and pay records demonstrate that Plaintiff received full

---

[1] Notably, in the declaration of Jon Marsa, Defendant's owner and president, Marsa states that the Plaintiff received overtime compensation at time-and-one half his regular rate for all hours worked in excess of forty (40) hours per week. (D.E. 35-1). Record keeping documents are attached to the Defendant's response to Plaintiff's statement of undisputed material facts. (D.E. 35-3).

compensation for all overtime hours worked at time and one-half his regular hourly rate." Specifically, the Defendant says it served its responses to Plaintiff's request for admissions on August 14, 2020, pursuant to an agreement by the parties, and attached the relevant correspondence to its statement of undisputed material facts. (D.E. 35-4). In the attachment, the Defendant includes an August 13 email from Plaintiff's counsel advising to provide the responses no later than the end of business on August 14 and the responses sent by Defendant's counsel on August 14 at 4:54 p.m. and 8:08 p.m. *See id.*

To the extent that the Court finds that the Defendant defaulted on these admissions, the Defendant requests that, pursuant to Federal Rule of Civil Procedure 36(b), the Court permit the withdrawal of its "technical admissions" to "promote the presentation of the merits of the action." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264-65 (11th Cir. 2002) (holding that district court abused its discretion when denying motion pursuant to Fed. R. Civ. P. 36(b) without addressing 2-part test of whether (1) "the withdrawal will subserve the presentation of the merits" and (2) "the withdrawal will prejudice the party who obtained the admissions in its presentation of the case").

## II.     LEGAL STANDARD

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's position. A jury must be

able to reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

### III.   DISCUSSION

#### A. Federal Rule of Civil Procedure 36(b)

Prior to determining whether a genuine dispute of material fact exists here, the Court must determine whether withdrawal of the Defendant's technical admissions pursuant to its request under Rule 36(b) is appropriate. In his reply, the Plaintiff contends that these responses are a nullity as they were untimely provided, the request for relief is inappropriate as it was filed in a response (and not a motion), and, even if considered, the request under Rule 36(b) should be denied.

Federal Rule of Procedure 36(b) [Effect of an Admission; Withdrawing or Amending It.], provides as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. 36(b). As noted by the Defendant, the Eleventh Circuit in *Perez* reiterated the two-part test that the district court must apply under Rule 36(b) when considering a party's motion to withdraw admissions. 297 F.3d at 1265. The *Perez* two-part test includes the following considerations: (1) "the court should consider whether the withdrawal will subserve the presentation of the merits"; and (2) "[the court] must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* at 1264.

#### 1. Whether the withdrawal will "subserve the presentation of the merits."

As it relates to the first prong of the test, the Eleventh Circuit has noted that "[t]his part of the test emphasizes the importance of having the action resolved on the merits" and "is satisfied

4

when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (internal quotations and citations omitted). In *Perez*, the Eleventh Circuit held that prong one was "easily met" because "granting the motion to withdraw the admissions would have certainly aided in the ascertainment of the truth and the development of the merits." *Id.* (internal quotations and citations omitted).

Here, too, the first prong has been "easily met." The Plaintiff relies on the Defendant's technical admissions to prove that it did not keep records, as required by the Fair Labors Standards Act, and such a failure means that Plaintiff's claim for unpaid overtime wages is uncontroverted and the failure to keep records shows the Defendant's conduct was willful. Now, the Defendant seeks to amend any "technical admissions" as it provided the records to the Plaintiff on August 14 per the parties' agreement, which, according to the Defendant, such records show that there were no violations of the Fair Labor Standards Act. Notably, in his reply, the Plaintiff does not address this part of the test. (D.E. 38, at 5-7). Thus, the Court finds that the Defendant has satisfied prong one of the *Perez* test by demonstrating that the grant of such a motion would "aid[] in the ascertainment of the truth and the development of the merits." *Perez*, 297 F.3d at 1266 (internal quotations and citations omitted).

   **2. Whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions.**

"Rule 36(b)'s second prong requires the court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions." *Perez*, 297 F.3d at 1266. In *Perez*, the Eleventh Circuit reiterated that prejudice under this rule "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (internal citations omitted). Notably, in that case, the Eleventh Circuit noted how

5

"[a]t the time of the withdrawal, a trial on the merits had not yet begun" and "the district court could have simply extended the discovery deadlines…to enable [the plaintiff] to prove his case" and the only prejudice suffered by the plaintiff "would have been the inconvenience to gather evidence," which was not the type of prejudice that would justify the denial of the withdrawal motion. *Id.* at 1268.

    Here, based on the email correspondence provided, it appears the Defendant's responses were provided to the Plaintiff on August 14, 2020. Under the revised scheduling order in this matter, the discovery deadline was October 16, 2020. Based on a review of the record, the Court notes that the Plaintiff never moved for an extension of the discovery deadline based on any possible prejudice resulting from the Defendant's untimely production on August 14. For these reasons, the Court finds any prejudice argument made by the Plaintiff in its reply to be unavailing. Namely, the Plaintiff maintains that its "litigation strategy and election not to waste time and money on unnecessary depositions, was predicated on Defendant's admissions" and "Plaintiff would suffer extreme prejudice if Defendant were permitted to withdraw its admissions at the eleventh hour and Plaintiff were required to now litigate the case without having taken depositions." (D.E. 38, at 6). While the Defendant did not request to withdraw its technical admissions until after the close of discovery, the Plaintiff was still on notice of Defendant's responses, which were provided on August 14, a month before the close of discovery. Accordingly, the Court finds that the Plaintiff's prejudice argument is without merit, given that they did not conduct any discovery on the Defendant's responses or move for an extension of the discovery deadline.

    The other arguments made by the Plaintiff in its reply are also due to be rejected. In his reply, the Plaintiff claims that the Court cannot consider the Defendant's request for the withdrawal

of its admissions, which was made in the Defendant's response to the Plaintiff's motion for summary judgment, (D.E. 34, at 7), because of "black letter law that the Defendant may not seek affirmative relief in a response brief." Notably, the reply only cites district court cases for this proposition. (D.E. 38, at 5). While the Court agrees with this unremarkable proposition, that is, "a party may not seek affirmative relief in [a] response" as such a request is "inappropriate," *see Peklun v. Tierra Del Mar Condo. Assoc., Inc.*, No., 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015) (internal citations omitted), given the Eleventh Circuit's two-part test in *Perez*, the Court shall exercise its discretion and, for the sake of judicial efficiency, grant the request within the response on the merits, even if the Defendant should have included the request for affirmative relief in a separate motion, complete with a certificate of conferral, as required by the Local Rules.

As the Court has found that the Defendant has satisfied the *Perez* test, the Court grants the Defendant's motion to amend any "technical admissions," as requested.

### B. Plaintiff's Motion for Summary Judgment

In light of the amendments permitted, and as shown by the record evidence submitted in the Defendant's opposition papers to Plaintiff's motion for summary judgment, the Court finds that a genuine dispute of material fact exists as to whether the Defendant violated the Fair Labor Standards Act in this case. Specifically, the Court notes that the Defendant has submitted records, including Mr. Marsa's (Defendant's owner and president) sworn declaration, which avers that the Plaintiff "received overtime compensation at time-and-one-half of his regular rate for all hours worked in excess of forty (40) hours per week." In his reply, the Plaintiff does not maintain that no genuine dispute of material fact exists if the Court accepts the requested amendments. Thus, this Court finds that whether the Plaintiff received overtime compensation, as required under the

Fair Labor Standards Act, and whether any failure to pay such wages was willful, remains in dispute, and these disputed material issues of fact cannot be resolved by way of summary judgment. *See Feldman v. Cutting*, No. 09-14133-CIV, 2009 WL 4021364, at *10 (S.D. Fla. Nov. 19, 2009) (denying partial motion for summary judgment as to the amount of overtime compensation owed where the plaintiff claimed she worked an average of 50 hours per week during the relevant time period and defendants submitted payroll records that created a genuine dispute of material fact as to whether she worked that amount of time during said period).

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, the Plaintiff's Motion for Summary Judgment **(D.E. 32)** is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 8th of January 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record